1  **WILLIAM R. TAMAYO  #084965 (CA)**
**DAVID F. OFFEN-BROWN #063321 (CA)**
2  **RAYMOND T. CHEUNG #176086 (CA)**
**EQUAL EMPLOYMENT OPPORTUNITY**
3  **COMMISSION**
San Francisco District Office
4  350 The Embarcadero, Suite 500
San Francisco, California  94105-1260
5  Telephone: (415) 625-5649
Facsimile: (415) 625-5657
6  raymond.cheung@eeoc.gov

7  Attorneys for Plaintiff

8                  IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEVADA
9                            RENO DIVISION

10  U.S. EQUAL EMPLOYMENT OPPORTUNITY      )
     COMMISSION,                            )
11                                          )
                                            )
12                  Plaintiff,              )        CIVIL ACTION NO.
                                            )
13          v.                              )
                                            )
14  CHAMPION CHEVROLET,                     )        COMPLAINT
                                            )        JURY TRIAL DEMAND
15                  Defendant.              )
                                            )
16  ────────────────────────────────────── )

17                        NATURE OF THE ACTION

18          This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

19  Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to

20  provide appropriate relief to Jack Adler  who was adversely affected by such practices.  Plaintiff

21  U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Jack

22  Adler was harassed on the basis of his religion, Judaism, and was thereby subjected to a hostile

23  anti-Jewish work environment by his employer Defendant Champion Chevrolet.

24

25                      JURISDICTION AND VENUE

26          1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

27  1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3)  of

28  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed in Reno, Nevada, and within the jurisdiction of the United States District Court for Nevada.

<u>PARTIES</u>

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Champion Chevrolet (the "Employer"), has continuously been doing business in the State of Nevada and the City of Reno, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Champion Chevrolet has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

<u>STATEMENT OF CLAIMS</u>

6.     More than thirty days prior to the institution of this lawsuit, Jack Adler filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least 2002, Defendant Employer has engaged in unlawful employment practices at its Reno, Nevada dealership, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  These practices include, but are not limited to, subjecting Mr. Adler to harassment and to an offensive, abusive, intimidating and hostile work environment based on his religion.

8.     The effect of the practices complained of in paragraph seven above has been to deprive Jack Adler of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion.

9.    The unlawful employment practices complained of in paragraph seven above were intentional.

10.    The unlawful employment practices complained of in paragraphs seven above were done with malice or with reckless indifference to the federally protected rights of Jack Adler.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment and any other employment practice which discriminates on the basis of religion.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Jewish employees, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Jack Adler, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay for Jack Adler.

D.    Order Defendant Employer to make whole Jack Adler, by providing compensation for past and future pecuniary losses, with prejudgment interest where appropriate,  resulting from the unlawful employment practices described in paragraph seven above, including but not limited to relocation expenses, job search expenses and medical expenses, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Jack Adler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including but not limited to pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem and humiliation, in amounts to be determined at trial.

1    F.    Order Defendant Employer to pay Jack Adler punitive damages for its malicious

2    and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

3    G.    Grant such further relief as the Court deems necessary and proper in the public

4    interest.

5    H.    Award the Commission its costs of this action.

6

7                                    JURY TRIAL DEMAND

8    The Commission requests a jury trial on all questions of fact raised by its complaint.

9

10                                   RONALD COOPER
                                     General Counsel

11

12                                   GWENDOLYN YOUNG REAMS
                                     Associate General Counsel

13

14   Dated: Sept. 27, 2007                /S/ William R. Tamayo
                                          WILLIAM R. TAMAYO
15                                        Regional Attorney

16

17   Dated: Sept. 27, 2007                /S/ David Offen-Brown
                                          DAVID OFFEN-BROWN
18                                        Supervisory Trial Attorney

19

20   Dated: Sept.27, 2007                 /S/ Raymond T. Cheung
                                          RAYMOND T. CHEUNG
21                                        Senior Trial Attorney

22

23                                   EQUAL EMPLOYMENT OPPORTUNITY
                                     COMMISSION
24                                   San Francisco District Office

25

26

27

28