**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>  Plaintiff,<br>&<br>JACK ADLER<br>  Plaintiff-Intervenor,<br>vs.<br>CHAMPION CHEVROLET; JACK STANKO; QUINTIN O'GRADY; DOES 1-10; and DOE ENTITIES A-Z,<br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 3:07-CV-444-ECR-VPC<br><br><br><br><br><br>**Order** |

This case arises out of alleged discrimination in the workplace.

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed a complaint (#1) ("EEOC Complaint") against Defendant Champion Chevrolet ("Champion"), alleging that Champion had engaged in unlawful employment practices. The employee who allegedly suffered from these unlawful employment practices, Jack Adler ("Adler"), was granted leave to intervene (#14), and he filed a complaint (#15) ("Adler Complaint") naming as defendants Jack Stanko ("Stanko") and Quintin O'Grady ("O'Grady"), in addition to Champion.

On February 5, 2008, Champion and Stanko filed a Motion to Dismiss (#16) portions of the Adler Complaint. Specifically, the motion seeks dismissal of the Adler Complaint's Third Cause of Action as to Stanko, and the Fifth Cause of Action in its entirety pursuant to Federal Rule of Procedure 12(b)(6). (Id.) Adler opposed the motion (#17) and Champion and Stanko replied (#18).

The motion is ripe, and we now rule on it.

### I. Background

Adler alleges that in February 2001 he began working at Champion's automobile dealership in Reno, Nevada as the "new truck sales manager." (Adler Compl. ¶ 8 (#15).) Adler is a Jewish male. (Id.) Adler complains of harassment on the basis of his Judaism beginning in 2002. (Id. ¶ 9.) Specifically, Adler avers that beginning in 2002, O'Grady, a "team manager" at Champion's dealership, would make "highly offensive anti-Semetic remarks to [Adler] and in the presence of the owner of Champion Chevrolet, [Stanko]." (Id. ¶ 10.) Stanko allegedly took no action in response to complaints regarding O'Grady's offensive conduct. (Id.) In addition, Adler contends that his requests for time off for Jewish holidays were denied, and that the requests themselves provoked further anti-Semetic remarks. (Id. ¶ 11.)

Adler eventually filed a complaint with the EEOC regarding the alleged harassment by O'Grady and Stanko's failure to intervene and stop further abuse. (Id. ¶ 19.) Adler alleges that Champion terminated his employment in January 2007 in retaliation for filing

2

a complaint regarding the behavior of O'Grady and Stanko with the EEOC. (Id. ¶ 26.)  Adler also complains that Stanko further retaliated against him by contacting Adler's subsequent employer, another Reno automobile dealership, and causing Adler to be terminated. (Id. ¶ 18.)

The EEOC Complaint, filed on September 27, 2007, alleges that Champion engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), including, but not limited to, "subjecting Adler to harassment and to a [. . .] hostile work environment based on his religion." (EEOC Compl. ¶ 7 (#1).)  The Adler Complaint reasserts this claim against Champion, as well as asserting various additional statutory and common law claims against Champion, Stanko, and O'Grady (#16) on the basis of both religious and racial discrimination.

At issue in the motion before the Court are the Adler Complaint's Third Cause of Action (Id. ¶¶ 25-27) and Fifth Cause of Action (Id. ¶¶ 31-34).  The Third Cause of Action is a claim that Champion and Stanko both violated Title VII by retaliating against Adler for his complaints of racial and religious discrimination to the EEOC. (Id. ¶ 25.)  The Fifth Cause of Action is a common law claim for wrongful termination in violation of Nevada public policy, asserted against Champion only. (Id. ¶¶ 32, 33.)

//
//
//

3

## II. Motion to Dismiss Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if "it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996). On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and

4

give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

//
//
//

5

### III. Adler Complaint's Third Cause of Action

The Adler Complaint's Third Cause of Action describes a claim under Title VII against both Champion and Stanko. (Adler Compl. ¶¶ 24-27 (#15).)  Champion and Stanko have moved to dismiss this cause of action against Stanko only, conceding that the Third Cause of Action states a claim against Champion.

Title VII provides a remedy for employees who have been subjected to unlawful employment practices by an employer.  42 U.S.C. § 2000e-2(a)(1).  An employer may be vicariously liable under Title VII for the acts of its employees under certain circumstances. See Burlington Indus. v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807-08.  However, the Ninth Circuit has "consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees."  Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) (citations omitted).

In opposition to the present motion, Adler asserts that Stanko is "being sued not as an employee of Champion Chevrolet, but as an employer."  (Adler's Opp. 2 (#17).)  This assertion, however, is not supported by the allegations of the Adler Complaint.  The Adler Complaint explicitly purports to sue Stanko "in his individual capacity."  (Adler Compl. ¶ 4 (#15).)  Although Adler does allege that Stanko is the "owner" of Champion (Id. ¶ 9), such an allegation does not alone support finding Stanko directly liable under Title VII "in his individual capacity."  Indeed, insofar as it has any relevance to this case, the authority Adler cites in support of his

6

argument, <u>Harvey v. Blake</u>, 913 F.2d 226 (5th Cir. 1990), tends to lead to the opposite conclusion.  In <u>Harvey</u>, the defendants were public officials sued in both their individual and official capacities.  <u>Id.</u> at 227-28.  The Fifth Circuit found that the district court erred in denying one of the defendants summary judgment in her personal capacity, because under Title VII "any recovery to be had must be against her in her official, not her individual, capacity."  <u>Id.</u>

Here, too, no recovery may be had against Stanko in his individual capacity.  On its own terms, the Adler Complaint asserts no claims against Stanko in his capacity as "owner" of Champion.  Thus, the Adler Complaint's Third Cause of Action fails to state a claim against Stanko upon which relief can be granted, and must be dismissed against Stanko pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **IV. Adler Complaint's Fifth Cause of Action**

The Adler Complaint's Fifth Cause of Action is a claim for wrongful termination in violation of public policy brought under Nevada common law.  (Adler Compl. ¶¶ 31-34 (#15).)  Adler notes that Nevada has "a strong public policy against discrimination based upon race and religion."  (<u>Id.</u>)  He argues that Champion violated that public policy by terminating Adler for complaining of the religious and racial discrimination he allegedly suffered during his employment.  (<u>Id.</u> at ¶ 33.)

7

1    When interpreting state law, the federal courts are "bound by the pronouncements" of the state's highest court. Hemmings v. Tidyman's, Inc., 285 F.3d 1174, 1203 (9th Cir. 2002). In instances where there is no state law on point, the federal court must predict, by looking at existing state law, how the state's highest court would resolve the issue at hand. Id.

   Here, however, there is no need for us to engage in predicting how the state's highest court might resolve the issue, because the Nevada Supreme Court has reached the question explicitly. In Chavez v. Sievers, 43 P.3d 1022 (Nev. 2002), the Nevada Supreme Court refused to recognize a common law tortious discharge cause of action when an employer discriminated against an employee in violation of Nevada public policy. Id. at 1025-26 (holding "we are constrained by the legislature's decision to address the issue through legislation and to provide statutory remedies for only certain employees."). Thus, where a plaintiff has a statutory remedy for unlawful employment practices, no common law claim for wrongful termination is recognized under Nevada common law.

   Here, Adler has statutory remedies against Champion for the discrimination he allegedly suffered under both federal and state law. Indeed, the first three causes of action in the Adler Complaint assert federal statutory claims against Champion, while the Fourth Cause of Action asserts a claim under Nevada statutory law. (Adler Compl. ¶¶ 20-30.) Under the holding of Chavez, Adler may not also maintain a claim for wrongful termination in violation of public policy under Nevada common law.

8

We note that Adler's reliance on <u>Bernstein v. Aetna Life & Casualty</u>, 843 F.2d 359 (9th Cir. 1998) (Adler's Opp. 4 (#17)), is misplaced.  Even if it "is well-established that Title VII does not preempt state common law remedies," <u>Bernstein</u>, 843 F.2d at 364, here, there is no need to reach any question of preemption.  There is simply no state common law remedy for wrongful termination in violation of public policy available to Adler under Nevada common law.

Thus, the Adler Complaint's Fifth Cause of Action fails to state a claim upon which relief can be granted, and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS THEREFORE HEREBY ORDERED THAT** Defendants Champion Chevrolet's and Stanko's Motion to Dismiss (#16) is **GRANTED**.  Thus, the Adler Complaint's(#15) Third Cause of Action is dismissed as to Defendant Jack Stanko, but not as to Defendant Champion Chevrolet.  The Adler Complaint's (#15) Fifth Cause of Action is dismissed in its entirety.

DATED: September __2__, 2008.

_____
UNITED STATES DISTRICT JUDGE

9