```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 3:07-CV-444-ECR-VPC |
| Plaintiff, | ) ) | MINUTES OF THE COURT |
| vs. | ) ) | DATE: July 28, 2010 |
| CHAMPION CHEVROLET, | ) ) | |
| Defendant. | ) ) | |
| JACK ADLER, | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| vs. | ) ) | |
| CHAMPION CHEVROLET, JACK STANKO, an individual, QUINTIN O'GRADY, an individual, DOES 1-10, DOE ENTITIES A-Z, | ) ) ) ) ) | |
| Defendants-In-Intervention. | ) ) | |

PRESENT:    EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN        Reporter:    NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING

<u>MINUTE ORDER IN CHAMBERS</u>

    Now pending are three motions in limine (## 126, 127, and 128) filed by the EEOC. Two of these motions in limine (## 126 and 127) are unopposed, and will be granted on that basis. We now turn to discussion of the third (#128), which Champion has opposed (#131).

    The EEOC's third motion in limine seeks an order excluding any testimony or other evidence, argument, or other reference to Adler's alleged misappropriation of food and/or beverages from Champion. The EEOC argues that such evidence would violate the restrictions on character

evidence of Federal Rule of Evidence 404, that it is irrelevant, and so should be excluded under Federal Rule of Evidence 402, and that to the extent it has any relevance, it would be unduly prejudicial and should be excluded pursuant to Federal Rule of Evidence 403.  The EEOC also argues that all such evidence is hearsay, in any case, and should be excluded on that basis.

    We doubt that such testimony is, as Champion argues in its response (#131), evidence of Adler's character for truthfulness.  We agree with Champion, however, that such evidence is relevant to Champion's argument that Adler was fired not for discriminatory reasons, but rather for the "unprofessional and unsatisfactory manner in which Adler performed his duties as a desk manager."  The EEOC's point that there is little evidence connecting the alleged misappropriations to Adler's termination is well taken; there is no write-up in Adler's personnel folder, for example.  Nevertheless, there is enough for Champion to present what it has to the jury, and the jury will determine its significance.

    We will reserve ruling on any hearsay objections until trial; there is not enough in our record for us to determine whether Champion's evidence of Adler's alleged misappropriations are all inadmissable hearsay or not.

    **IT IS, THEREFORE, HEREBY ORDERED** that the EEOC's first and second motions in limine (## 126 and 127) are **GRANTED** as unopposed.

    **IT IS FURTHER ORDERED** that the EEOC's third motion in limine (#128) is **DENIED**.

LANCE S. WILSON, CLERK

By     /s/
    Deputy Clerk